AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

_____ DISTRICT OF MASSACHUSETTS _____

UNITED STATES OF AMERICA

V.

GARY J. ADAMS
9 Brookvale Street
Dorchester, MA 02124
    (Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 04-mj0068-LPC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __August 13, 2004__ in __Suffolk__ county, in the _____ District of __Massachusetts__ defendant(s) did, (Track Statutory Language of Offense)

after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, possess in or affecting commerce, ammunition

in violation of Title __18__ United States Code, Section(s) __922(g)(1)__.

I further state that I am a(n) __ATF Special Agent__ and that this complaint is based on the following
                                                 Official Title

facts:
See attached affidavit of Special Agent Lisa Rudnicki

Continued on the attached sheet and made a part hereof:  [X] Yes   [ ] No

                                                           _/s/ Lisa A Rudnicki_
                                                           Signature of Complainant

Sworn to before me and subscribed in my presence,

__October 25, 2004__ at __Boston, MA__
Date                                                    City and State

LAWRENCE P. COHEN
U.S. MAGISTRATE JUDGE                                      _/s/_
Name & Title of Judicial Officer                             Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

**AFFIDAVIT OF LISA A. RUDNICKI**

I, Lisa A. Rudnicki, being duly sworn, do depose and state that:

1. I am employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since February 1996. In that capacity, I investigate numerous violations of the federal firearms statutes and have participated in multiple investigations relating to the unlawful possession of firearms and ammunition.

2. As a result of my participation in these investigations and the training I have received as an ATF Special Agent, I am familiar with federal firearms laws and know that it is a violation of Title 18, United States Code, Section 922(g)(1) for any person who has been previously convicted of a felony to possess a firearm or ammunition in or affecting interstate commerce.

3. This affidavit is submitted in support of a complaint and arrest warrant for GARY J. ADAMS (YOB: 1976) for possession of ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). The facts stated herein are based upon my personal involvement in this investigation and my discussions with other law enforcement officers involved with this investigation. In submitting this affidavit, however, I have not included each and every fact known to me about the

1

investigation, but only those facts which I believe are sufficient to establish the requisite probable cause.

4. At about 7:47 p.m. on August 13, 2004, Boston Police Officers Douglas McGrath and Michael Paillant were dispatched to the area of Corbet and Hopkins streets relating to a complaint about a group of men allegedly dealing drugs. The men were described as wearing white t-shirts and baseball caps on backwards. When they arrived, the officers observed a group of about 8 or 9 men, several of whom met this description. The officers contacted dispatch for additional officers to respond.

5. Officers Paillant and McGrath approached the group of men, with their badges displayed and identifying themselves as Boston Police officers. Officer Paillant told one of the men-later identified as ADAMS-to put down his beer bottle, which ADAMS did. Within a few minutes other police officers had arrived on the scene.

6. Some of the officers questioned the men and pat frisked them. Officer McGrath talked to and frisked ADAMS, who identified himself to Officer McGrath.

7. During a search of the area where the men were congregated, Officer Paillant looked inside a 1991 black Acura Integra, Massachusetts registration number 69EK34, parked nearby and observed the handle end of a firearm protruding from under the driver's seat. Officers asked whose car it was but none of

the men responded.

8. Officer McGrath placed ADAMS under arrest for public drinking and advised him of his Miranda rights. ADAMS acknowledged that he understood his rights. Meanwhile, another officer ran the license plate on the Acura Integra and determined it was registered to a Gary Adams, which turned out to be the arrested subject's father.

9. Officer Lyden asked ADAMS if he knew what was in the car and ADAMS said that he did. Lyden asked whether he had a permit for it and ADAMS said he did not. Lyden further informed ADAMS that he (Lyden) knew ADAMS' father because Lyden and ADAMS' father had previously worked together. ADAMS' father is also a Boston Police Officer. ADAMS asked what would happen to his father and Lyden stated that if no one took responsibility for the gun, a patrol supervisor would be called in and the matter would be turned over to the courts. ADAMS stated in substance then to "take me to jail" and that it was his gun. ADAMS further stated in substance: "The gun is mine, leave my father out of it." ADAMS also stated that he had left the car there a few days earlier.

10. The firearm recovered was a .357 Smith & Wesson revolver, serial number 8K6760. It was loaded with 6 rounds of .357 caliber ammunition, all bearing a headstamp of CBC.

11. On September 15, 2004, ATF Special Agent Philip Ball

3

examined the ammunition and advised me that the ammunition was manufactured outside of Massachusetts and therefore, has traveled in interstate commerce. Smith & Wesson firearms are manufactured in Springfield, Massachusetts, and, thus far, there is no evidence to establish that this gun has traveled in interstate commerce.

12. The Boston Police Department Firearms Unit tested the firearm and determined that it functioned normally and rendered an opinion that the ammunition was in fact ammunition.

13. I have reviewed ADAMS' criminal history, which reveals that prior to August 13, 2004, ADAMS was convicted of a crime punishable by more than one year imprisonment. That is, in May 2002, ADAMS was convicted in Dorchester District Court of assault and battery on a police officer, resisting arrest and escape. In June 1995, ADAMS was convicted in Dorchester District Court of distribution of a Class B controlled substance and in January 1995, ADAMS was convicted in Dorchester District Court of possession with intent to distribute crack cocaine.

14. On September 16, 2004, Program Analyst Stephanie Forbes of the ATF Firearms Enforcement Branch advised me that a search of ATF records revealed that ADAMS has not applied for or received restoration of his federal firearms privileges.

15. On September 16, 2004, Valerie McCarthy, of the Massachusetts Governors Pardon Board, advised me that ADAMS has

neither received nor requested a pardon.

16. Based on the foregoing, there is probable cause to believe that ADAMS, having previously been convicted of a crime punishable by a term of imprisonment of more than one year, possessed ammunition in and affecting commerce, to wit: 6 rounds of .357 caliber ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

_____
LISA A. RUDNICKI
Special Agent
Bureau of Alcohol, Tobacco
Firearms & Explosives


Sworn and subscribed to before me this 25th day of October 2004.

_____
LAWRENCE P. COHEN
United States Magistrate Judge

5

JS 45 (5/97) - (Revised USAO MA 1/15/04)

| Criminal Case Cover Sheet | U.S. District Court - District of Massachusetts |

**Place of Offense:** _____   **Category No.** II _____   **Investigating Agency** ATF/BPD _____

**City** Dorchester _____   **Related Case Information:**

**County** Suffolk _____
Superseding Ind./ Inf. _____   Case No. _____
Same Defendant _____   New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name   Gary J. Adams _____   Juvenile   ☐ Yes   ☒ No

Alias Name   Joseph J. Adams _____

Address   9 Brookvale Street, Dorchester, MA _____

Birth date (Year only): 1976   SSN (last 4 #): 7615   Sex M   Race: Black   Nationality: U.S.

**Defense Counsel if known:** _____   **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

AUSA   Sandra S. Bower _____   Bar Number if applicable   0787700 Florida

Interpreter:   ☐ Yes   ☒ No   List language and/or dialect: _____

Matter to be SEALED:   ☐ Yes   ☐ No

☒ Warrant Requested   ☐ Regular Process   ☐ In Custody

**Location Status:**

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____
☒ Already in State Custody _____   ☐ Serving Sentence   ☒ Awaiting Trial
☐ On Pretrial Release:   Ordered by _____ on _____

Charging Document:   ☒ Complaint   ☐ Information   ☐ Indictment

Total # of Counts:   ☐ Petty _____   ☐ Misdemeanor _____   ☒ Felony 1

Continue on Page 2 for Entry of U.S.C. Citations

☒   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: 10-25-04   Signature of AUSA: *Sandra S. Bower*

JS 45 (5/97) - (Revised USAO MA 3/25/02)  Page 2 of 2 or Reverse

District Court Case Number (To be filled in by deputy clerk): _____

Name of Defendant   Gary J. Adams

U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 922(g)(1) | Felon in possession of ammunition | 1 |
| Set 2 | | |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**